STRUTHERS SCIENTIFIC AND INTERNATIONAL CORPORATION, Plaintiff,

v.

GENERAL FOODS CORPORATION, Defendant.

GENERAL FOODS CORPORATION, Plaintiff,

v.

STRUTHERS SCIENTIFIC AND INTERNATIONAL CORPORATION and Struthers Wells Corporation, Defendants.

Civ. A. Nos. 3665, 3725 and 3566.

United States District Court, D. Delaware.

July 21, 1970.

See also D.C., 309 F.Supp. 161.

E. N. Carpenter, II, of Richards, Layton & Finger, Wilmington, Del., James F. Weiler and Dudley R. Dobie, Jr., of Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex., and William A. Drucker, New York City, of counsel, for Struthers Scientific and International Corp.

Arthur G. Connolly, Arthur G. Connolly, Jr., and Paul E. Crawford, of Connolly, Bove & Lodge, Wilmington, Del., and Michael J. Quillinan, White Plains, N. Y., of counsel, for General Foods Corp.

## MEMORANDUM OPINION AND ORDER

LATCHUM, District Judge.

These three cases between General Foods Corporation ("General Foods") and Struthers Scientific and International Corporation ("Struthers") raise issues of the validity and infringement of Struthers' United States Patents Nos. 3,381,302, 3,404,007 and 3,449,129 and unfair competitive activities by both parties. The litigation generally involves a process relating to the manufacture of freeze-dried instant coffee.

The matter is now before the Court on General Foods' motion for partial summary judgment filed pursuant to Rule 56(d), F.R.Civ.P. The motion seeks to have the Struthers '302 and '129 patents declared invalid on the following grounds:

(1) The subject matter claimed in the '302 and '129 patents is an obvious application of particular prior art and therefore is not patentable under the standards of 35 U.S.C. § 103;[1]

(2) The specifications and claims of both patents are fatally vague and indefinite contrary to the requirements of 35 U.S.C. § 112;[2] and

---

1. § 103 reads:

"A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made."

2. § 112 reads:

"The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.

The specification shall conclude with one or more claims particularly point-

(3) The claimed subject matter of the '129 patent was abandoned under 35 U. S. C. § 102(c) during the course of Struthers' prosecution of its '302 claim in the U. S. Patent Office.[3]

After a consideration of the present record, the Court concludes that the pending motion for partial summary judgment should be denied. Several reasons compel this conclusion.

■ First, the parties are in sharp dispute as to the scope of the claims of the '302 and '129 patents. General Foods contends that the patent grants are confined to a relatively simple preliminary step of removing waxes and other insolubles from coffee extract prior to freeze concentration. On the other hand, Struthers argues that in addition to the preliminary steps referred to by General Foods the process as a whole includes the freeze concentration step for coffee. After making these bald assertions as to the interpretation of the patents in suit, the parties march off in other directions and the Court is left at this stage with the definite impression that a construction of the claims in both patents would be more intelligently understood after a full trial development of these issues and not on the present incomplete record.

■ Second, to conclude, as General Foods urges, that the inventions disclosed in the '302 and '129 patents are obvious under the conditions specified in 35 U.S.C. § 103, the Court is required to evaluate facts from which to determine (1) the scope and content of the prior art, (2) the difference between the prior art and the claims at issue and (3) the level of ordinary skill in the pertinent art at the time the invention was made. 35 U.S.C. § 103; Graham v. John Deere, 383 U.S. 1, 17, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966). Were this Court skilled in the art it might be a simple matter to answer the questions required by the *John Deere* case but this Court frankly admits that it lacks that special knowledge which would permit it to read the patents in suit so understandably, in terms of obviousness to a man of ordinary skill in the art, on the basis of the present record. This determination must await a fuller treatment of these conditions by expert testimony, now lacking in the present record.

■ Third, the question whether the claims of the patents in suit are sufficiently definite and explicit is basically a factual question. Refrigeration Patents Corp. v. Stewart-Warner Corp., 159 F.2d 972 (C.A. 7, 1947), cert. den. 331 U.S. 834, 91 L.Ed. 1847 (1947), rehearing den. 332 U.S. 803, 68 S.Ct. 91, 92 L. Ed. 382 (1947). Do the specifications fully disclose the process invented to one skilled in the art? This question cannot be properly answered without a full development of the state of the prior art —something which does not appear in the present record.

■■ Fourth, the question whether the subject matter claimed in the '129 patent was abandoned is also one of fact. Abandonment is never presumed and must be proved by the person asserting it by clear and convincing evidence. Furthermore, whether there was an abandonment of '129 claims turns in part upon the divisional practice in the patent office. These matters need further amplification and cannot be ruled upon at this stage simply as a matter of law.

ing out and distinctly claiming the subject matter which the applicant regards as his invention. A claim may be written in independent or dependent form, and if in dependent form, it shall be construed to include all the limitations of the claim incorporated by reference into the dependent claim.

An element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof."

3. § 102(c) provides: "A person shall be entitled to a patent unless— * * * (c) he has abandoned the invention * * *."

 Finally, both patents are presumed valid, 35 U.S.C. § 282, and this presumption is not overthrown except for clear and cogent reasons. Schmidinger v. Welsh, 383 F.2d 455, 462 note 10 (C.A. 3 1967). Practically all prior publications and prior patents referred to in the present motion by General Foods, except for one, were considered by the patent office when one or the other of the patents in suit were in prosecution. While it may appear difficult on the present record for this Court to fully comprehend why the patents were issued, yet before it can second-guess the patent office it must have the benefit of testimony of those skilled in the art not only to determine the scope of the patents in suit but also to compare them with the level of skill in the prior art at the time of the invention.

Having considered the briefs, oral arguments of counsel and the submissions made, the Court agrees with Justice Frankfurter's comment in Marconi Wireless Telegraph Co. of America v. United States, 320 U.S. 1, 60–62, 63 S. Ct. 1393, 1421, 87 L.Ed. 1731 (1943) that: "* * * the training of Anglo-American judges ill fits them to discharge the duties cast upon them by patent legislation * * * [they] must overcome their scientific incompetence as best they can. But consciousness of their limitation should make them vigilant against importing their own notion of the nature of the creative process into Congressional legislation * * *."

Fully conscious of these limitations, the Court is unable to state with any degree of certainty at this stage of the litigation that no genuine issue of material fact exists with reference to the validity of the '302 and '129 patents. The Court is convinced that the issues may more reasonably be determined at trial when the Court will have the advantage of not only examining the documents and prior patents but will have the benefit of expert testimony of those skilled in the art.

Further, postponing the determination of the issues raised in the present motion for partial summary judgment will not delay the final determination of the litigation because the cases must continue in any event on those other intertwined issues of the validity of the '007 patent and the countercharges relating to unfair competition.

### ORDER

Therefore, the motion of General Foods for a partial summary judgment is denied.